**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EZRIEL RAPAPORT,

    Plaintiff,

v.

AVI E. SOFFER,

    Defendant.

Case No. 2:10-CV-00935-KJD-RJJ

**ORDER**

    Currently before the Court is Defendant's Motion to Set Aside Default (#11). Plaintiff filed a Response in Opposition (#17), to which Defendant filed a Reply (#19). On September 20, 2010, Defendant filed a Motion for Entry of Default (#6). On September 21, 2010, the Clerk of the Court entered Default as to Defendant. (See #7). Also on September 21, 2010, Defendant filed a Motion to Dismiss (#8). Additionally, on October 1, 2008, Defendant filed a Letter (#12) with the Court, containing a faxed copy of his Response to Plaintiff's Motion for Default.

    Defendant seeks that the Court set aside the Clerk's Entry of Default, alleging that Plaintiff has "intentionally mis[led]" the Court regarding filing deadlines and correspondence between parties, and that a better depiction of the facts will "more accurately illustrate the events that have taken place since the filing of the Complaint" meriting the relief sought. The Court withholds any finding regarding the parties' allegations of dilatory tactics and undue motive, however, due to the Court's interest in the resolution of cases on their merits, and for the reasons described herein, the Defendant's Motion is granted.

**II. Analysis**

    Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside entry of default "for good cause shown." The "good cause" standard is the same standard that governs vacating a default judgment under Rule 60(b). See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.,

375 F.3d 922, 925 (9th Cir. 2004).  The law favors deciding a case on its merits.  See id.  Thus, a default judgment is appropriate only in extreme circumstances.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).  Further, it is well established that setting aside default is remedial in nature and should be applied liberally.  See id.  See also Cassell v. Philadelphia Maint. Co., 198 F.R.D. 67(E.D. Pa 2000) (stating that courts should construe motions to set aside default liberally in favor of the moving party).

The Court considers three factors in analyzing good cause: (1) whether the defaulting party engaged in culpable conduct leading to the default; (2) whether vacating the entry of default would prejudice the plaintiff; and (3) whether the defaulting party has a meritorious defense.  See Franchise Holding, 375 F.3d at 926.  The court has discretion to deny the motion to set aside default if any one of the three factors favor the plaintiff.  See id.

### A.  Culpable Conduct

When examining culpable conduct, the Court concurrently examines any excusable neglect of the defaulting party.  See id. at 927.  Defendant's conduct is culpable if he/she "received actual or constructive notice of the filing of the action and failed to answer" or otherwise defend.  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir. 1988).  However, a defendant's failure to answer may be excused depending on the reason for the delay if defendant acted in good faith.  See TCI Group, 244 F.3d at 696.  Further, conduct is culpable only where the explanation of the default is consistent with a devious, deliberate, willful or bad faith failure to respond.  See Employee Painter's Trust v. Ethan Enters., 480 F.3d 993, 1000 (9th Cir. 2007).

Here, Plaintiff filed a Motion to Dismiss on the same day Default was entered.  Moreover, Defendant has also filed an Opposition to the Motion for Default.  These filings do not overcome Defendant's failure to file a timely responsive pleading under the Rules of Civil Procedure, however, the evidence demonstrates that the parties were engaged in a good faith effort to reach settlement, and that there was acceptable reason for Defendant to believe he had been proffered an extension of time in which to file a defensive pleading.  Although Plaintiff had extended the deadline for response to

September 17, 2010, Plaintiff additionally sent Defendant a Notice of Intent to Default on September 16, 2010, and gave Plaintiff three (3) days in which to respond. It is arguable therefore, that Defendant could have viewed this as a reasonable extension of time, until September 21, in which to file an answer or other defensive pleading. Accordingly, the Court finds that this factor weighs in favor of setting aside the Default.

### B. Prejudice

This case is in the early stages of litigation, as the Complaint was filed on June 16, 2010, and discovery deadlines have not yet been set. Accordingly, the Court finds that Plaintiff will not be prejudiced by setting aside the default.

### C. Meritorious Defense

Generally, to succeed on a motion to set aside a default, the defendant must set forth specific facts that constitute a defense. See Franchise Holding, 375 F.3d at 926. Further, mere general denial, without facts to support it, is not sufficient. See id.

Here, Defendant's Motion to set aside default fails to set forth specific facts that constitute a meritorious defense; however Defendant has filed a Motion to Dismiss asserting improper venue. Additionally, as stated above, the law favors resolution of cases on their merits. Therefore, in spite of Defendant's failure to set forth a meritorious defense in his instant Motion, because he did not engage in culpable conduct and Plaintiff will not be prejudiced, the Court finds the Defendant has shown good cause to set aside the Entry of Default.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Default (#11) is **GRANTED**.

DATED this 3rd day of January, 2011.

_____
Kent J. Dawson
United States District Judge