UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EZRIEL RAPAPORT, as Trustee of the RAPAPORT 2006 GRANTOR TRUST,<br><br>         Plaintiff,<br><br>vs.<br><br>AVI SOFFER, an individual; DOES 1 through 5 and ROE BUSINESS ENTITIES 1 through 5 inclusive,<br><br>         Defendants. | 2:10-cv-935-MMD-RJJ<br><br>Consolidated with:<br>2:12-cv-57<br><br>**O R D E R** |

This matter came before the Court for a hearing on November 29, 2012. The hearing was continued on December 13, 2012, and then on December 14, 2012. At issue is Soffer's Motion to Deem Admissions (#30), in the consolidated case No. 2:12-cv-57-MMD-RJJ. The Court has considered the Motion, Rapaport's Response to Soffer's Motion to Deem Admissions and Request for Sanctions (#31); and Soffer's Reply (#33). The Court has also considered the arguments and representations presented at the hearing.

**BACKGROUND**

The present motion is one of a series of discovery disputes considered by the Court during the hearing that spanned November 29, 2012, December 13 and 14, 2012. At issue here are the Requests for Admission served on the Plaintiff and Counter-Defendants by the Defendant and Counter-Claimant on July 31, 2012. The Requests for Admissions are also part of the written discovery at issue in the Motion for a Protective Order.

On July 31, 2012, Soffer served three sets of Requests for Admission. On August 29, 2012, the Plaintiff and Counter-defendants served responses to each set of Requests for

1  Admissions.  Responses to Requests for Admission, attached as Exhibits 2, 3, and 4 to Response
2  to Motion to Deem Admissions (#30).  On September 4, 2012, the Plaintiff and Counter-
3  Defendants filed their Motion for Protective Order (#73), which encompassed the Requests for
4  Admission.  On September 17, 2012, Soffer filed his Motion to Deem Admissions (#31)
5  asserting that the Plaintiff and Counter-Defendants failed to respond to the Requests for
6  Admissions and that the Motion for Protective Order was filed late because it was filed four days
7  after responses were due.  The Plaintiff and Counter-Defendants responded that they did send
8  timely responses and Soffer was aware of those timely responses. Response to Motion to Deem
9  Admissions (#31) at 2-3. Accordingly, the Plaintiff and Counter-Defendants requested sanctions
10 for the cost of responding to the Motion. *Id*. In Reply, Soffer argues that the responses were not
11 specific enough to satisfy Fed. R. Civ. P. 36(a)(3) and thus should not be considered responses.
12 Reply to Motion to Deem Admissions (#33) at 3.  Additionally, Soffer asserts that sanctions are
13 not appropriate. Reply to Motion to Deem Admissions (#33) at 5.

**DISCUSSION**

A.    Meet and Confer

Soffer's Motion does not indicate whether any meet and confer took place. Motion to Deem Admissions (#30).  At the hearing, Soffer's Counsel, Ohazuruike, represented to the Court that he called Rapaport's counsel, to tell him he did not find the responses to the Request for Admissions sufficient and that he would be filing the present motion.  Ohazuruike did not discuss the content of the requests, offer to reduce the number of requests, or attempt in any other way to resolve this dispute.

Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. The moving party must adequately set forth "essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

1    Here, there was no meet and confer.  Merely informing Rapport's attorney that a motion
2 would be filed was not a good faith effort to resolve the dispute.  Thus, for this reason alone,
3 under Local Rule 26-7(b) the Court should deny this motion.  However, the Court found two
4 other errors with the motion that must also be addressed.

5 B.    Misrepresentation to the Court

6    Soffer's counsel represented to the Court that the Plaintiff "never responded as required
7 by Federal Rule of Civil Procedure 36(3)(a) . . ." Motion to Deem Admissions (#30) at 3, lines
8 11-12.  However, the Plaintiff did respond to all of the Requests for Admission with objections
9 and denials. See Responses to Requests for Admission, attached as Exhibits 2, 3, and 4 attached
10 to Response to Motion to Deem Admissions (#30).  Additionally, the responses were timely. *Id*.
11 Ohazuruike acknowledged this at the hearing. Thus, Soffer's counsel provided false information
12 to the Court.

13    Attorneys' fees and costs may be awarded where the opposing party has acted in bad
14 faith, vexatiously, or for oppressive reasons. *Alyeska Pipeline Service Company v. Wilderness*
15 *Society*, 421 U.S. 240 (1975), *Hutto v. Finney*, 437 U.S. 678 (1978); *United States v. Blodgett*,
16 709 F.2d 608 (9th Cir. 1983).

17/18/19    Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

20 28 U.S.C. § 1927. A court weighing sanctions for discovery abuses may consider a party's
21 conduct as a whole throughout the discovery process. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d
22 1406, 1412 (9th Cir. 1990).

23    Here, Ohazuruike was aware that responses had been served and nevertheless represented
24 to the Court in writing and orally that responses had not been served.  This is a showing of bad
25 faith.  Additionally, Soffer's counsel had an opportunity to address this intentional falsehood at
26 the hearing, but provided no explanation.  Sanctions are appropriate. The amount of sanctions
27 will be addressed in a separate order.
28

- 3 -

1  C.     Adequacy of Responses

2  Soffer's Counsel argues that the Motion to Deem Admissions (#30) was proper because
3  the responses provided by Rapaport's Counsel do not satisfy the federal rules.

4  Fed.R.Civ.P. 36(a) states that "[a] matter is admitted unless, within 30 days after being
5  served, the party to whom the request is directed serves on the requesting party a written answer
6  or objection addressed to the matter and signed by the party or its attorney." Fed.R.Civ.P.
7  36(a)(3). "A denial must fairly respond to the substance of the matter . . ." Fed.R.Civ.P. 36(a)(4).
8  Additionally, if a party chooses to object to a request for admission "[t]he grounds for objecting
9  to a request must be stated." Fed.R.Civ.P. 36(a)(5).

10  Here, the Plaintiff did serve timely responses and thus the matter cannot be deemed
11  admitted under Fed. R. Civ. P. 36(a)(3). Further, the Plaintiff indicated that they objected to the
12  Requests for Admission for three reasons. See Responses to Requests for Admission, attached as
13  Exhibits 2, 3, and 4 to Response to Motion to Deem Admissions (#30). First, the requests were
14  part of the massive written discovery served upon them on the last day discovery could be served.
15  *Id*. Such a large request, the Plaintiff explained, was "well beyond any and all bounds of
16  reasonable in this context." *Id*. Second, the Requests were harassing, duplicative, burdensome,
17  overbroad, compound, cumulative, vague, ambiguous, and served to "Person Most
18  Knowledgeable", which is not authorized under the Rules. Third, many of the requests were
19  related to trade secrets and are confidential.   Finally, the Plaintiff also made a blanket denial of
20  all the Requests for Admission. *Id*.

21  Soffer argues that these objections and denials are not proper because they fail to discuss
22  each and every Request for Admission. Reply to Motion to Deem Admissions (#33) at 3, lines
23  21-27. However, at the hearing, Soffer's Counsel admitted that they did not need responses to all
24  843 discovery requests and that serving 843 discovery requests on the last day discovery could be
25  served, was highly unusual and burdensome.  This indicates that the volume of the requests was
26  designed to harass and be burdensome.  Although Soffer's counsel did not need responses to all
27  the requests for admission, Defendant nevertheless wasted the Court's time with this motion
28  asking for admissions they admittedly do not need. The motion was brought in bad faith. Further,

- 4 -

despite Soffer's representation that no responses were served, the Plaintiff gave sufficient reasons for objecting to the requests. The Federal Rules require "grounds for objecting" and the Plaintiff gave such grounds. Therefore, the responses were adequate and Soffer's motion was entirely frivolous.

Under Fed .R. Civ. P. 37(a)(5)(A), once the Court denies a motion that alleges failure to cooperate in discovery, the Court must, "after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*.

Here, the Court held a hearing on December 27, 2012, in order to give the Defendant an opportunity to be heard. At that hearing, the Defendant offered no explanation for why the motion was unnecessary and without justification. Accordingly, sanctions under Rule 37 are appropriate. The amount of such sanctions will be addressed in a separate order.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Soffer's Motion to Deem Admissions (#30) is **DENIED**.

IT IS FURTHER ORDERED that Rapaport's Request for Sanctions (#31) is **GRANTED.**

DATED this  31st  day of December, 2012

                                                                ROBERT J. JOHNSTON
                                                                United States Magistrate Judge