1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9   EZRIEL RAPAPORT, as Trustee of the        )
    RAPAPORT 2006 GRANTOR TRUST,              )
10                                            )
                                              )
11                      Plaintiff,            )         2:10-cv-935-MMD-RJJ
                                              )
12  vs.                                       )         Consolidated with:
                                              )         2:12-cv-57
13                                            )
    AVI SOFFER, an individual; DOES 1 through )
14  5 and ROE BUSINESS ENTITIES 1 through 5   )
    inclusive,                                )         **O R D E R**
15                                            )
                                              )
16                      Defendants.           )
    _____ )

17

18          This matter came before the Court for a hearing on November 29, 2012.  The hearing was

19  continued on December 13, 2012, and then December 14, 2012.  At issue are Plaintiff's Motion

20  for Protective Order (#73) and Sanctions (#74).  The Court has considered the Plaintiff's Motion

    as well as Defendant's Opposition (#78). The Court has also considered the arguments and
21
    representations presented at the hearing.
22
                                    **BACKGROUND**
23
            The present motion is one of a series of discovery disputes considered by the Court
24
    during the hearing that spanned November 29, 2012, December 13 and 14, 2012.  At issue here
25
    are the discovery requests served on the Plaintiff by the Defendant.  Those requests entail 843
26
    separate discovery requests for admission, interrogatories, and requests for production of
27
    documents served on July 31, 2012.
28

1  Written Discovery Requests, attached as Exhibits 1-9 to Motion for Protective Order (#73).

2                                                    **DISCUSSION**

3           The last day to serve written discovery in this case was July 31, 2012.  On that date,

4  Defendant Avi Soffer served the Plaintiff Ezriel Rapaport, the Rapaport Trust, and Martin

5  Rapaport, (collectively "Rapaport") with nine sets of written discovery.  Responses were due

6  August 31, 2012.  Rapaport objected to the discovery requests and seeks a protective order from

7  this court. Soffer, in his response, seeks an order from the court to compel responses. Response

8  and Request for Order to Compel (#78).

9  **I.      Attempt to Meet and Confer**

10          Rapaport's Counsel, Mario Lovato, asserts that he attempted to meet and confer.  Lovato

11 notes that he made numerous telephone calls and left messages, but received no response. Motion

12 for Protective Order (#73) at 3.  Additionally, the lead counsel on Soffer's case was changing so

13 frequently, it became "impossible to further confer with the attorney handling the case for the

14 past several months." *Id*.

15          Indeed, even the Court struggled to determine who was handling Soffer's case.  At the

16 hearing on November 29, 2012, Guiness Ohazuruike, Esq., represented Soffer.  However, at the

17 hearing, he admitted to having limited knowledge of motions at issue.  Ohazuruike was

18 unfamiliar with why certain motions were filed, the details of the motions, what prior

19 communications occurred between Soffer's prior attorneys and Lovato, and other relevant

20 information the Court needed in order for the hearing to move forward.

21          Ohazuruike informed the Court that he has been assigned to Soffer's case after most of

22 the events leading to the present dispute had already occurred.  Additionally, he was given the

23 case the same week he was interviewed and hired, which was sometime earlier this year.

24 Accordingly, in order to hear from someone who was more familiar with the case, the Court

25 continued the hearing to December 13, 2012, and ordered Efrem Rosenfeld, Esq., who was

26 present for Soffer's deposition, Ohazuruike, and Avi Soffer to all be present for the continued

27 hearing.  Rosenfeld, Ohazuruike, and Soffer all attended the December 13, 2012, hearing.

28 Minutes of Proceeding (#85).  The hearing did not conclude on December 13, 2012, and was

1   continued again to December 14, 2012. *Id.* Rosenfeld, Ohazuruike, and Soffer were all present

2   for the December 14, 2012, hearing as well.  Minutes of Proceeding (#86).

3          At the hearing, Rosenfeld explained that a number of attorneys previously working on the

4   case were no longer with his firm.  He also stated than no one from his firm informed Lovato of

5   this, nor did anyone inform Lovato who to contact about this case. Instead, Lovato did not know

6   Ohazuruike was working on the case until Ohazuruike called to notify him that the firm would be

7   filing the Motion to Deem Admissions (#30).

8          Under Fed. R. Civ. P.. 37(a)(2)(B) a "party bringing a motion to compel discovery must

9   include with the motion a certification that the movant has in good faith conferred or attempted

10  to confer with the non-responsive party."  Similarly, Local Rule 26-7(b) provides that

11  "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto

12  certifying that, after  personal consultation and sincere effort to do so, the parties have not been

13  able to resolve the matter without Court action." LR 26-7.

14         Here, Lovato has made a good faith effort to meet an confer.  Although the parties never

15  actually met or conferred, it was not due to a lack of effort on the part of Lovato.  Soffer's

16  Counsel's failed to inform Lovato about changes of attorneys, failed to return calls, and failed to

17  respond generally to Lovato's attempts to meet and confer. Thus, Lovato has satisfied the meet

18  and confer requirement for bringing this motion.

19  **II.    Analysis**

20         Rule 26© confers broad discretion of the trial court to decide when a protective order is

21  appropriate as well as what degree of protection is required. In *Seattle Times Co. v. Rhinehard*,

22  467 U.S. 20 (1984), the United States Supreme Court recognized that District Courts have

23  substantial discretion to issue protective orders. Rule 26© provides as follows:

24         A party or any person from whom discovery is sought may move for a protective order in
           the court where the action is pending . . . . The court may, for good cause, issue an order
25         to protect a party or person from annoyance, embarrassment, oppression, or undue burden
           or expense, including one or more of the following: (A) forbidding the disclosure or
26         discovery . . .

27  Fed. R. Civ. P. 26 ©.

28         Here, the Plaintiff asserts that a protective order is appropriate because the 843 discovery

1    requests are harassing due to their large volume, duplicative, and not relevant to the case.

2        A.    Volume of the Requests

3        Soffer's counsel did not serve any written discovery requests until the last day discovery

4    requests could be served, at which time Soffer served 843 requests.  Lovato calculated that

5    responding to all the requests would require at least 350 pages.  Additionally, the requests were

6    propounded after all the alleged principalis for the Plaintiff were fully deposed.  In this context,

7    the Plaintiff argues, the 843 discovery requests were designed to harass and impose unnecessary

8    costs on the Plaintiff. Motion for Protective Order (#73) at 5, lines 20-24.

9        In response, Soffer argues, under the Fed. R. Civ. P.. 34, there is no limit to the number of

10   requests for production of documents that a party can propound.  Response to Motion for

11   Protective Order (#78) at 8, lines 20-22. However, at the hearing, when questioned about the

12   volume of the requests, Soffer's counsel acknowledged that 843 was an unusually large number

13   of requests and that they had never served nearly that many requests at once, let alone on the last

14   day to serve discovery.  Further, Soffer's counsel agreed that the requests likely could have been

15   drastically condensed and that he did not need answers to all 843 requests.

16       Also at the hearing, in defense of the number of requests, Soffer's counsel claimed that

17   the number of requests varies by case and that this case justified the 843 requests.  Soffer's

18   counsel repeatedly asserted that this is a very complex case and thus the 843 requests should be

19   considered appropriate.  Lovato on the other hand asserts that this is not a complex case. Motion

20   for Protective Order (#73) at 5, lines 20-24.

21       The Court, without speaking to the actual complexity of the case, finds that the alleged

22   complexity does not justify the excessive number of requests.  Soffer's counsel has not treated

23   this case as though it is complex and thus cannot rely on complexity as an excuse. If Soffer's

24   counsel actually believed this was a complex case, the firm would not have handed the entire

25   case to an attorney new to the firm, Ohazuruike, to handle alone on his first day of work.

26   Further, Soffer's counsel would have served more than one set of written discovery and many of

27   those requests would have been served earlier in the discovery period.

28       Both parties acknowledge that the volume of the requests was excessive and the Court

1   views it no differently.  Based on the briefing and the parties representations to the Court, the

2   Court finds that the 843 requests were designed to harass and burden the Plaintiff.

3          B.      Duplicative Discovery

4          Three of the nine sets of written discovery were served on the "Person Most

5   Knowledgeable" of the Plaintiff Trust.  However, the exact same discovery was also served on

6   Ezriel Rapaport as trustee of the trust.  Thus, the discovery was duplicative and served no

7   purpose.

8          Further, the terminology of "person most knowledgeable" has no application outside the

9   context of a deposition of an organizational defendant. *See* Fed. R. Civ. P.. 30(b)(6). Thus, these

10  requests are completely nonsensical and do not require a response.

11         Finally, in addition to serving the exact same set requests twice to the same person, many

12  of the requests within each set were also duplicative. For example:

13  REQUEST NO. 7:
    Admit that You were not qualified to be a Board Member of the Board of Directors of the
14  Watch Dealers Network in 2008.

15  REQUEST NO. 62:
    Admit that You were not qualified to sit on the Board of Directors for the Watch Dealers
16  Network.

17  REQUEST NO. 89:
    Admit that You did not adequately fulfill Your duties as a Board Member of the Watch
18  Dealers Network.

19         These requests are clearly requesting the same information. They also happen to be

20  harassing in nature.

21         C.      Relevancy

22         In addition to being unduly burdensome, harassing, and duplicative, many of Soffer's

23  requests are not reasonably likely to lead to the discovery of admissible or relevant evidence.  For

24  example:

25  REQUEST NO. 9:
    Admit that You currently set the prices for diamonds.
26
    REQUEST NO. 11:
27  Admit that The Rapaport Group and/or its affiliated entities currently sets the prices for
    diamonds.
28

1    This case concerns WDN.  The price of diamonds and Rapaport's involvement in setting

2    the price of diamonds does not appear to be relevant to the online luxury watch business. If there

3    is any relevance, Soffer has failed to explain to the Court or Rapaport what that relevance is.

4    Therefore, the 843 discovery requests were excessive in number, often duplicative, and

5    largely not relevant to the case.  By serving such discovery requests on the last day to serve

6    discovery, the Defendant was clearly attempting to annoy, harass, and create an undue burden

7    and expense on Rapaport. Accordingly, a protective order is appropriate and the Plaintiff does

8    not have to respond further to the 843 requests.

9    **III.   Sanctions**

10   In addition to the above discovery abuse, the Defendant also made an intentional

11   misrepresentation to the Court. Concerning Requests 7, 62, and 89, the Defendant stated "the

12   issue here is a total failure and refusal . . . to respond to written discovery requests . . " Response

13   to Motion for Protective Order (#78) at 6, lines 16-18.  This is a blatant misrepresentation.

14   Rapaport's Counsel did respond to all the requests with objections.  See Responses to Requests

15   for Admission, attached as Exhibits 2, 3, and 4 to Response to Motion to Deem Admissions

16   (#30).  Additionally, this is the second instance in which Soffer's counsel has made this blatant

17   misrepresentation to the Court. See Motion to Deem Admissions (#30) at 3, lines 11-12.

18   In response,  Rapaport has requested sanctions. Motion for Protective Order (#73) at 10,

19   lines 5-9.

20   First, concerning the intentional misrepresentation to the Court, attorneys' fees and costs

21   may be awarded where a party has acted in bad faith, vexatiously, or for oppressive reasons. See

22   *Alyeska Pipeline Service Company v. Wilderness Societ*y, 421 U.S. 240 (1975), *Hutto v. Finney*,

23   437 U.S. 678 (1978); *United States v. Blodgett*, 709 F.2d 608 (9th Cir. 1983).

24   Any attorney or other person admitted to conduct cases in any court of the United States
     or any Territory thereof who so multiplies the proceedings in any case unreasonably and
25   vexatiously may be required by the court to satisfy personally the excess costs, expenses,
     and attorneys' fees reasonably incurred because of such conduct.
26
27   28 U.S.C. § 1927. A court weighing sanctions for discovery abuses may consider a party's

28   conduct as a whole throughout the discovery process. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d

1   1406, 1412 (9th Cir. 1990).

2        Here, Soffer's counsel was aware that responses had been served and nevertheless

3   represented to the Court, twice, that responses had not been served.  This is bad faith.

4   Additionally, Soffer's counsel had an opportunity to address this intentional falsehood at the

5   hearing, but provided no explanation.  This is a blatant showing of bad faith, and sanctions are

6   appropriate.

7        Second, concerning the abusive discovery requests, under Fed. R. Civ. P.. 37(a)(5)(A),

8   once the Court grants a motion for failure to cooperate in discovery, the Court must, "after giving

9   an opportunity to be heard, require . . . the party or the attorney advising the conduct, or both to

10  pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

11  However, such an award is not appropriate if: "(I) the movant filed the motion before attempting

12  in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's

13  non-disclosure, response, or objection was substantially justified; or (iii) other circumstances

14  make an award of expenses unjust." *Id*.

15       Here, the Court held a hearing on December 27, 2012, in order to give the Defendant an

16  opportunity to be heard.  At that hearing, the Defendant failed to explain why sanctions are not

17  appropriate.  First, the Plaintiff made a good faith attempt to meet and confer about this dispute.

18  Second, the only justification for the abusive requests is that they were "procedurally proper."

19  Although it is correct that the federal rules do not limit the number of requests a party can serve,

20  the rules do prohibit overly burdensome and harassing requests. Finally, the Court specifically

21  asked Soffer's counsel, Rosenfeld, whether there was any reason an award would be unjust.

22  Rosenfeld's only response was that the amount of costs and fees Lovato provided was

23  "shocking" and he had never seen such a high amount.  The mere fact that the amount requested

24  is large, is not an explanation for why an award would be unjust.  Accordingly, sanctions under

25  Rule 37 are appropriate.  The amount of such fees and costs will be addressed in a separate order.

26

27                           **CONCLUSION**

28       Based on the foregoing, and good cause appearing therefore,

1        IT IS HEREBY ORDERED that Plaintiff's Motion for Protective Order (#73)  is

2   **GRANTED**.

3        IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (#74)  is **GRANTED.**

4   DATED this   31st   day of December, 2012

5

6

7   _____
    ROBERT J. JOHNSTON
8   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28