1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                               DISTRICT OF NEVADA

9                                      * * *

EZRIEL RAPAPORT, as Trustee of the        )
10  RAPAPORT 2006 GRANTOR TRUST,           )
                                           )
11                                         )
                          Plaintiff,       )        2:10-cv-935-MMD-RJJ
12                                         )
     vs.                                   )        Consolidated with:
13                                         )        2:12-cv-57-MMD-RJJ
                                           )
14  AVI SOFFER, an individual; DOES 1 through )
     5 and ROE BUSINESS ENTITIES 1 through 5 )
15  inclusive,                             )        REPORT & RECOMMENDATION
                                           )          OF UNITED STATES
                                           )          MAGISTRATE JUDGE
16                                         )        _____
                          Defendants.      )
17  _____  )

18          This matter came before the Court for a hearing on November 29, 2012.  The hearing was

19  continued on December 13, 2012, and then December 14, 2012.  At issue is Plaintiff's Fourth

20  Motion for Sanctions (#77).  The Court has considered the Motion, the Defendant's Opposition

21  (#80); and the Plaintiff's Reply (#33).  The Court has also considered the arguments and

22  representations presented at the hearing.

23                               **BACKGROUND**

24          This case involves the purchase of an online trading network known as the Watch

25  Dealer's Network (WDN) by the Plaintiff from the Defendant, Soffer.  WDN was intended to

26  operate in a manner similar to Amazon.com, with the distinction that it was for luxury watch

27  merchants.  The Plaintiff Rapaport paid $500,000.00 for all assets of WDN, and had control of

28  the business for approximately a year and a half.  Both Rapaport and Soffer were members of the

1   WDN board.  Around a year an a half after Rapaport paid Soffer, Soffer asserts that he took

2   "emergency measures" as a board member of WDN in order to address what he believed was

3   Rapaport's inability to run the company.   In response, Rapaport filed suit against Soffer on June

4   16, 2010.  Complaint (#1).

5       Discovery in this case closed on August 31, 2012.  Order Setting Discovery Deadline

6   (#65).  However, a significant amount of the discovery has not been completed due to disputes

7   between the parties.  Those disputes prompted a series of discovery motions.  *See* Plaintiff's

8   Second Motion for Sanctions Re Discovery (#71); Plaintiff's Motion for Protective Order (#73)

9   and Sanctions (#74); Defendant's Request for Order to Compel (#78); and in the consolidated

10  case No. 2:12-cv-57-MMD-RJJ, Soffer's Motion to Deem Admissions (#30)

11      The Court, in an attempt to achieve some clarification on these discovery disputes, held a

12  hearing on November 29, 2012.  At that hearing it became apparent that the attorney present for

13  Soffer, Guinness I. Ohazuruike, Esq., had not worked on and was not familiar with most of the

14  present motions, nor was he assigned to Soffer's case until after many of the events leading to the

15  present disputes had already occurred.  Accordingly, the Court continued the hearing on

16  December 13, 2012, and ordered Efrem Rosenfeld, Esq., who was present for at least two of the

17  depositions and thus had some familiarity with the case, Ohazuruike, and Avi Soffer to all be

18  present for the continued hearing.  Rosenfeld, Ohazuruike, and Soffer were all present for the

19  December 13, 2012, hearing.  Minutes of Proceeding (#85).  The hearing did not conclude on

20  December 13, 2012, and was continued again on December 14, 2012. *Id*.  Rosenfeld,

21  Ohazuruike, and Soffer were all present for the December 14, 2012, hearing as well.  Minutes of

22  Proceeding (#86).  The Court heard the parties representations on the issues below.

23      A.   Court Order to Pay $1,500 in Sanctions

24      On June 11, 2012, the Court ordered Defendant Soffer to pay Plaintiffs $1,500 in

25  sanctions forthwith.  Minute Order (#65).  Over the course of three months, Plaintiff's Counsel

26  sent Soffer's Counsel numerous emails and letters requesting the payment.  Emails dated June

27  27, 2012, July 17, 2012, July 21, 2012, and Letter dated August 22, 2012, attached as Exhibits 4-

28  7, respectively, to Motion for Sanctions (#77).  Plaintiff's Counsel also spoke to Soffer's Counsel

1   about the payment on August 22, 2012, and September 14, 2012.  Motion for Sanctions (#77) at

2   5, lines 21-24.  During the September 14, 2012 phone call, Soffer's Counsel indicted that the

3   check had been mailed. Motion for Sanctions (#77) at 6, line 1. By September 18, 2012, the date

4   Plaintiffs filed their Motion (#77), the check had not been received. *Id*. However, the Check was

5   in fact mailed on September 14, 2012, and it has since been received.  Response to Motion for

6   Sanctions (#80) at 2, lines 14-17.

7           **B.**      Failure to Properly Respond to Interrogatories

8           As of May 21, 2012, Soffer had failed to respond to any of the Plaintiffs' Interrogatories

9   which were served on March 6, 2012.  Motion to Compel (#58) at 3.  On June 11, 2012, the

10  Court ordered Defendant Soffer to respond to the Plaintiffs' Interrogatories by June 20, 2012.

11  Minute Order (#65).  Accordingly, Soffer served his responses on June 20, 2012.  Responses to

12  First set of Interrogatories, attached as Exhibit 8 to Motion for Sanctions (#77).  However, the

13  Plaintiff was not satisfied with those responses, and sent a letter detailing the deficiencies on

14  August 9, 2012.  Letter dated August 9, 2012, attached as Exhibit 9 to Motion for Sanctions

15  (#77).  In response to the letter, on August 22, 2012, Soffer served Amended Responses to the

16  Interrogatories.  Amended Response to Interrogatories, attached as Exhibit 10 to Motion for

17  Sanctions (#77). The Amended responses were also not satisfactory.  On September 14, 2012, the

18  parties discussed the matter further, "but it was clear that there would only be further delay."

19  Motion for Sanctions (#77) at 6, lines 25-27.  At the hearing on November 29, 2012, Soffer's

20  Counsel represented that it would provide responses to the Plaintiff within 10 days. By the

21  hearing on December 14, 2012, responses still had not been served.

22          C.      Failure to Properly Respond to Requests for Production

23          As of May 21, 2012, Soffer had failed to respond to the Plaintiffs' Requests for

24  Production. Motion to Compel (#58) at 3. On June 11, 2012, the Court ordered Defendant Soffer

25  to respond to the Requests for Production.  Minute Order (#65). The Plaintiffs assert that Soffer

26  has still not properly responded to requests for production.  Specifically, Soffer has not

27  responded to a request for bank account records.

28          Additionally, on July 31, 2012, the co-defendant in consolidated case No. 2:12-cv-57-

1   MMD-RJJ, Martin Rapaport served written discovery requests on Soffer.  Soffer has refused to

2   respond to any of Martin Rapaport's written discovery, asserting that it was not timely.

3                                          **DISCUSSION**

4          The Plaintiffs are seeking the ultimate sanction with this filing.  They have requested that

5   the Court strike Soffer's pleadings.  In the alternative, the Plaintiffs have requested Soffer be

6   required to respond to discovery requests, return to Las Vegas to be deposed, pay for the time

7   expended on trying to get Soffer to comply with each item of discovery, and any further sanctions

8   the Court deems appropriate.

9          Here, after reviewing all the motions and exhibits before the Court, listening to the

10  representations made at the hearing, and considering prior discovery disputes, it appears as

11  though Soffer has completely failed to abide by the rules of discovery in this case. He avoided

12  setting the date of his deposition for months, failed to properly participate in the deposition,

13  refused to properly respond to most written discovery, delayed paying sanctions which were due,

14  and has generally not been cooperative.

15  **I.     Conduct Warranting Penalty**

16         A.     <u>Court Ordered $1,500 Sanction</u>

17         On June 11, 2012, the Court ordered Defendant Soffer to pay Plaintiff $1,500.  Minute

18  Order (#65).  As of September 18, 2012, the Plaintiff had not received the $1,500.  Motion for

19  Sanctions (#77) at 4, lines 1-12.  However, a check had been mailed on September 14, 2012, and

20  was eventually received.  Response to Motion for Sanctions (#80) at 2, lines 14-17.

21  Nevertheless, Rapaport argues that sanctions are still appropriate because Soffer only paid the

22  $1,500 after three months of communications and refusals to pay, and after it became readily

23  apparent that Rapaport would be filing a motion for the payment.  Reply to Motion for Sanctions

24  (#82) at 2, lines 7-13.

25         At the hearing, Soffer's Counsel, Efrem Rosenfeld, Esq., explained that the reason the

26  money had not been paid was because he was unaware of the sanction until September, at which

27  point he paid it promptly. Rosenfeld blamed former associates at his law firm for the error, but

28  ultimately took responsibility as an owner of his law firm.

1        Failing to keep track of the docket in this case is not a reasonable excuse.  The sanction

2    was ordered by the Court in June and was easily viewable on the docket. Additionally, a

3    representative from Rosenfeld's firm was present when the Court ordered the $1,500 sanction.

4    Minute Order (#65). Soffer's counsel has a duty to followup and instruct Soffer to comply with

5    orders of the Court.  In this instance the $1,500 was due forthwith.  Soffer took three months to

6    pay the sanctions, which is hardly forthwith. Thus Soffer and his Counsel violated a Court Order.

7        B.    <u>Responses to Interrogatories</u>

8        Soffer sent Interrogatory Responses and Amended Responses to Plaintiff's counsel.  As

9    of September 14, 2012, the parties were still discussing the sufficiency of the responses. Motion

10   for Sanctions (#77) at 6, lines 26-27. Based on the September 14, 2012, conversation, Plaintiff's

11   Counsel asserts that "it was clear that there would be further delay." Motion for Sanctions (#77)

12   at 6.  Plaintiff's Counsel was correct.  As of the December 14, 2012, hearing, despite Soffer's

13   Counsel's representation that proper responses would be provided, no such responses had been

14   produced.  The Plaintiffs have requested that the Court impose sanctions because "none of

15   Soffer's responses are properly made." *Id.*  Even though all the interrogatories are in dispute, "for

16   the convenience of the Court," the Plaintiff discusses only the more "critical interrogatories." *Id.*

17   Specifically, the Plaintiff discusses Interrogatories Nos. 1, 4, 5, 6, 7, 12, 13, 14, 15, and 16.  In

18   the  Response, Soffer asserts that he has "made reasonable efforts to provide sufficient

19   responses" and the responses are "reasonable and sufficient."  Response to Motion for Sanctions

20   (#80) at 3, lines 11-22.

21       However, at the hearing, Soffer's Counsel agreed the responses were not sufficient,

22   agreed to provide additional responses, and offered to work with the Plaintiff's Counsel, Mario

23   Lovato, to give him "anything he needs." Soffer's Counsel was essentially requesting additional

24   time to attempt to correct their complete failure to properly participate in discovery.  Part of this

25   complete failure is exhibited in the wholly insufficient responses to interrogatories.

26       1.    *Interrogatory 1*

27       Interrogatory 1 requests a calculation of claimed damages.  Motion for Sanctions (#77) at

28   7. Soffer's Response states that discovery is ongoing and damages cannot be calculated at that

1   time, but will be supplemented later. *Id*.  The Amended Response objects to the question as

2   vague or ambiguous, states discovery is ongoing and thus the response may be amended, and the

3   current calculation of damages is $18 million dollars. *Id*.  Neither the Response nor the Amended

4   Response actually contain a calculation.  At best, the Amended Response gives merely an

5   amount.  However, the Plaintiffs are seeking a calculation of how Soffer arrived at that amount.

6   *Id*.  Soffer provides no explanation concerning how his $18 million response is reasonable or

7   sufficient. Thus, the response and the amended response are neither reasonable nor sufficient.

8                              2.     *Interrogatory 4*

9          Interrogatory 4 requests a list of "all income, loans, or other monies that [Soffer has]

10   received or taken from The WDN.LLC" Motion for Sanctions (#77) at 8. Soffer responded that

11   he did not take any "personal income or loans." *Id*.  The Plaintiffs took issue with the fact that he

12   "avoided the interrogatory" by discussing only "personal" income and loans. *Id*.  Soffer amended

13   his response by objecting, stating the request is vague and ambiguous, and additionally he has

14   "never taken or received personal income, income, loans, or other monies from THE

15   WDN.LLC." *Id*.  Soffer argues that his response was reasonable and sufficient, and the Plaintiffs

16   are just upset that they did not get the answer they wanted. Response to Motion for Sanctions

17   (#80) at 4.

18          Making personal attacks on the Plaintiff and Plaintiff's counsel appears to be an ongoing

19   trend with Soffer. See Deposition Transcript, attached as Exhibit 1 at page 32, to Second Motion

20   for Sanctions (#71).  Here, just as in his deposition, Soffer avoided the questions and asserts that

21   the real deficiency is in the opposing side's performance. Such a response is neither sufficient nor

22   reasonable.

23                              3.     *Interrogatory 5*

24          Interrogatory 5 requests a list of all revenue or income Soffer received on behalf of WDN,

25   including credit card payments.  Motion for Sanctions (#77) at 8.  Soffer responded that he did

26   open a bank account, the account is now closed, and he has requested copies of all bank records

27   from the bank.  Motion for Sanctions (#77) at 9.  The Amended Response is almost identical to

28   the response except that it states Soffer did not receive revenue and/or income of the WDN.LLC.

1    *Id.* It is clear that both parties understand that this interrogatory is requesting information on

2    where the money in the closed bank account went. Additionally, it is hard to believe that the

3    bank has still failed to provide copies of its records to Soffer if he requested those copies in June

4    2012, when he was ordered to respond to the interrogatories. Soffer makes no argument for how

5    his response is sufficient, most likely because it is not.

6                    4.      *Interrogatory 6*

7            Interrogatory 6 requests all transactions or expenses Soffer incurred on behalf of the

8    WDN.LLC or in furtherance of his employment and ownership of The WDN.LLC. *Id.* Soffer

9    gave the same response to 6 as he did for 7. Motion for Sanctions (#77) at 10. This Interrogatory

10   is even clearer than Interrogatory 6, and the Plaintiff is plainly looking for where the money in

11   the closed account went. Again,. Soffer provided no argument for why his response was

12   sufficient and that is likely because it is not.

13                   5.      *Interrogatory 7*

14           Interrogatory 7 requests identifying information for all bank accounts for The WDN since

15   January 2007. *Id.* Soffer objected that this Interrogatory is irrelevant because The WDN was

16   formed in January 2008 and the Plaintiffs had the opportunity to review 2007 bank records

17   during the due diligence period between September and December 2007. Motion for Sanctions

18   (#77) at 11. If the due diligence period for the parties was in 2007, it stands to reason that the

19   bank records from 2007, and maybe earlier, were relevant to the transaction at issue in this case.

20   This is particularly true considering that one of the disputes is whether Soffer misrepresented the

21   value of The WDN prior to the sales transaction. Additionally, the fact that the Plaintiff

22   reviewed documents prior to the onset of this litigation is irrelevant. Accordingly, Soffer did not

23   sufficiently respond to this interrogatory.

24                   6.      *Interrogatory 12*

25           Interrogatory 12 requests the amount of monthly subscription income for The WDN from

26   January 2007 through the date of the request. *Id.* Soffer responded that the Plaintiff, The

27   Rapaport Trust, owns a majority of and manages The WDN.LLC and therefore should have

28   possession of those records. *Id.* Additionally, Soffer asserted that he did not have that

information. *Id*.  The Plaintiff on the other hand asserts that Soffer must have and "admits he has" this information because he sold a business that depended on the subscription money. Motion for Sanctions (#77) at 12.  Based on the representations of Soffer's Counsel at the hearing, Soffer either has, or has access to, a significant amount of information that has not been provided.  Thus, due to Soffer's complete failure to be forthcoming in the discovery process the Court has no way of determining whether Soffer is in possession of this information. Soffer has not only inhibited the discovery process, but also the Court's ability to evaluate what little discovery has been provided.

7.     *Interrogatory 13*

Interrogatory 13 is very similar to Interrogatory 7. *Id*.  Soffer initially responded by directing the Plaintiffs to bates stamped documents 106-23.  Id. In his Amended Responses, he stated that he does not have that information.  Motion for Sanctions (#77) at 13.  Yet in the hearing, his Counsel stated there was more information that could be produced. Based on the Amended Response and the hearing, the same analysis as for Interrogatory 12 applies here.

8.     *Interrogatory 14*

Interrogatory 14 requests the number of watches offered for sale, by month, on the WDN website from January 2007 to the date of the interrogatory. *Id*.  Soffer objects that the request is irrelevant because WDN's business model focused on the number of memberships sold, not the watches actually sold. *Id*.  Additionally, Soffer never kept track of that information and he would have to conduct a count, which would be burdensome and require access to the WDN website, which Soffer does not have. *Id*.  However, based on Soffer's deposition, it appears that Soffer does have access to the WDN website because he pays someone to run and maintain it. Second Motion for Sanctions (#71) at 16-27.  Further, the number of watches sold is relevant because it is the profitability of the business that is at issue in this case.  Soffer's contention that counting sales would be burdensome is not substantiated by any facts. Thus, Soffer's response is not sufficient.

9.     *Interrogatory 15*

Interrogatory 15 seeks the number of requests for watches, by month, on the WDN

1    website from January 2007 to the date of the interrogatory. Motion for Sanctions (#77) at 14.

2    Soffer gave the same Response and Amended Response as given for Interrogatory 14. *Id*.

3    Accordingly, the analysis is the same.

4                        10.    *Interrogatory16*

5            Interrogatory 15 seeks the number of watch transactions, by month, on the WDN website

6    from January 2007 to the date of the interrogatory. Motion for Sanctions (#77) at 15. Soffer gave

7    the same Response and Amended Response as given for Interrogatory 14. *Id*.  Accordingly, the

8    analysis is the same.

9            C.      Responses to Requests for Production

10                       1.    *Rapaport Requests for Production - Case 2:10-cv-935-MMD-RJJ*

11           The Plaintiffs assert that Soffer failed to properly respond to any of the requests for

12   production, but the "most crucial request" is Request No. 21.  Motion for Sanctions (#77) at 16.

13   Request No. 21 seeks "financial records and documents showing income, revenue, or expenses

14   relating to The WDN.LLC" made by Soffer individually or on behalf of the company. *Id*.  Soffer

15   agrees that he should produce this information but claims that the bank has failed to provide the

16   records to him.  Response to Motion for Sanctions (#80) at 6.  He asserts that because the bank

17   account was at Wachovia, which has since become Wells Fargo, the matter is complicated, but

18   he has made a reasonable and sufficient effort to obtain the documents. *Id*. The Requests for

19   Production were served in June 2012, and Soffer asserts he still has not received the documents

20   as of October 5, 2012.  *Id*.

21           Soffer's assertion that it is the bank's fault is difficult to accept. Further, he fails to

22   elaborate on how the switch from Wachovia to Wells Fargo has caused a delay.  Even when

23   given the opportunity at the hearing to elaborate on this assertion, Soffer's Counsel was unable to

24   do so.  Additionally it does not explain why Soffer has not produced bank account numbers or

25   the branch location where he opened the account(s). He has admitted opening the account and

26   thus should have this information.  See Reply to Motion for Sanctions (#82) at 13-14, citing

27   Soffer Deposition, attached at Exhibit 1. It appears that Soffer is merely refusing to provide

28   information that he admits he should provide and is readily obtainable.

1   ...

2          2.   *Martin Rapaport's Interrogatories and Requests for Production  - Case No. 2:12-cv-57-MMD-RJJ*

3          Martin Rapaport is a named defendant in Case No. 12-cv-57-MMD-RJJ, which was

4   consolidated with this case on August 15, 2012. Order Consolidating Cases (#70). On July 31,

5   2012, Martin Rapaport served interrogatories and requests for production.  Martin Rapaport

6   Interrogatories and Requests for Production, attached as exhibits 11 and 12, respectively, to

7   Motion for Sanctions (#77).  Soffer did not respond to any of Martin Rapaport's written

8   discovery requests.

9          The discovery cut off date in Case 12-cv-57, was August 13, 2012.  The discovery cut off

10   date in case 10-cv-935 was August 31, 2012.  Soffer asserts that he did not respond to Martin's

11   requests because the discovery cut off in 12-cv-57 was August 13, 2012, and thus he was only

12   provided 13 days to respond.  Response to Motion for Sanctions (#80) at 7.  Further, he argues, if

13   he had responded to the requests, it would have been a violation of the rules of procedure.  *Id*.

14   Soffer concludes by saying that he "has done nothing wrong by taking a courageous and

15   principled stand in defense of the integrity and honor of the sacred temple of justice against the

16   reckless abuse and callous desecration which Rapaport and his counsel deliberately and

17   purposefully tried to inflict upon the sacred temple." *Id*.

18          In Reply, the Plaintiffs point out that the two cases have been consolidated due to the fact

19   that Soffer's Counterclaim in the first-filed case is copied-and-pasted into the Complaint of the

20   second-filed case.  Reply to Motion for Sanctions (#82) at 15. Further, counsel from both sides

21   have apparently been acting as though the later discovery deadline was the deadline for both

22   cases. *Id*.

23          At the hearing, Soffer's counsel again admitted it was at fault and merely asked for more

24   time to correct the error. However, this error was made approximately four months ago.  Thus, if

25   Soffer was sincere in his desire to cooperate, such cooperation would have take place months

26   ago, not when his client is on the verge of being defaulted.

27   **II.   Striking Pleadings**

28          Striking a party's pleadings "is so harsh a penalty it should be imposed as a sanction only

1     in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d

2     829, 831 (9th Cir.1986).

3         Rule 37 authorizes dismissal of a complaint, entry of default judgment, and awards of

4     fees and costs as discovery sanctions. Generally, Rule 37 authorizes discovery sanctions where

5     there has been willful noncompliance with a discovery order of the court. Also, courts have

6     inherent equitable powers to dismiss actions or enter default judgments for abusive litigation

7     practices. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987).

8         Due process requires that the sanctions for discovery abuses be just and that the sanctions

9     relate to the claims which were at issue in the discovery order which is violated. *Wyle v. R.J.*

10    *Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir. 1983).  A district court must weigh five factors

11    in considering such a penalty: "1) the public's interest in expeditious resolution of litigation; 2)

12    the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public

13    policy favoring disposition of cases on their merits and 5) the availability of less drastic

14    sanctions." *Id*. The Ninth Circuit affirms dismissal where at least four factors support dismissal

15    or where at least three factors "strongly" support dismissal. *Hernandez v. City of El Monte*, 138

16    F.3d 393, 399 (9th Cir.1998).

17         Dismissal need not be preceded by other less severe sanctions. It may be imposed where

18    supported by the following factors: (1) the degree of willfulness of the offending party, (2) the

19    extent to which the non-offending party would be prejudiced by a lesser sanction, (3) the severity

20    of the sanction of dismissal relative to the severity of the discovery abuse, (4) whether any

21    evidence has been irreparably lost, (5) the feasibility and fairness of alternative, less severe

22    sanctions, such as an order deeming facts relating to improperly withheld or destroyed evidence

23    to be admitted by the offending party, (6) the policy favoring adjudication on the merits, (7)

24    whether sanctions unfairly operate to penalize a party for the misconduct of his or her attorney,

25    and (8) the need to deter both the parties and future litigants from similar abuses. *See Aoude v.*

26    *Mobile Oil Corp.*, 892 F.2d 1115 (1st Cir. 1989).

27    . . . .

28    . . . .

A.   <u>The public's interest in expeditious resolution of litigation and the court's need to manage its docket</u>

Here, the public's interest in expeditious resolution of litigation and the court's need to manage its docket is clear. This case began approximately two years ago and Soffer has almost completely failed to properly participate in discovery. He has violated a Court Order, sent harassing written discovery, refused to cooperate in his own deposition, and failed to respond to written discovery properly propounded by the Plaintiff.  Allowing Soffer additional time to correct his failures would be contrary to the public interest in an expeditious resolution of litigation as it would only prolong this already lengthy case.  The Court would also suffer as it would have to continue facilitating the discovery in a case that should have been completed several months ago.  Accordingly, these first two factors weigh in favor of striking the pleadings.

B.   <u>The risk of prejudice to the defendants</u>

The risk of prejudice to the Defendant is unclear.  By not cooperating properly in discovery, Soffer has failed to make evident how he will defend himself and what evidence he will use to support his defenses and counterclaims.

The Court finds that there was a high level of willfulness in Soffer's noncompliance.  He refused to pay a fine until it was apparent the Court would be notified of his noncompliance. He refused to cooperate in his own deposition. He completely failed to properly respond to written discovery. Additionally, his attorneys made at least two intentional misrepresentations to the Court when they indicated they had not received responses to discovery requests from the Plaintiff.

These discovery abuses, which have been elaborated upon in the Court's other orders, have severely and completely prevented proper discovery. His abuses warrant a severe sanction, which in this case is default and dismissal of the counterclaim and the 2:12-cv-57-MMD-RJJ complaint

C.   <u>The public policy favoring disposition of cases on their merits</u>

Ideally this case could be heard on its merits.  Unfortunately, based on Soffer's conduct leading up to the hearing, the Court does not believe that hearing this case on the merits is

1   possible.  Soffer refused to cooperate in discovery until it was clear he was in danger of having

2   his pleadings struck, and there is no indication that Soffer will actually cooperate should he be

3   given an additional opportunity to cooperate. Thus, this factor weighs in favor of striking the

4   pleadings.

5           D.      The availability of less drastic sanctions

6           The Court has considered a number of less drastic sanctions and finds that none of them

7   feasibly nor fairly address the discovery abuses in this case. For example, a monetary sanction

8   alone would not be adequate. Based on the history of this case, it is questionable whether Soffer

9   would timely pay a monetary sanction. Money cannot address the time lost dealing with Soffer's

10  noncompliance.  The time and expense the Plaintiff has already expended attempting to properly

11  litigate this case is significant, and it would severely prejudice the Plaintiff to expect him to incur

12  those costs again .  Deeming improperly withheld facts would also not remedy the Defendant's

13  conduct at this point due to the volume and nature facts that have been withheld.  Soffer has kept

14  both the Plaintiff and the Court in the dark about what facts even exist in this case. Deeming

15  facts admitted would not provide many of the facts at issue, such as the bank account information

16  Soffer has refused to produce.

17          Additionally, if a lesser sanction was imposed, the Plaintiff would be significantly

18  prejudiced.  The Plaintiff has pursued this case diligently and properly only to be continuously

19  harassed and burdened by Soffer's refusal to cooperate in discovery.  If the Court allowed the

20  case to proceed, the Plaintiff would have to incur duplicative costs and fees associated with

21  discovery, spend drastically more time in this litigation, and not see a resolution of this case for

22  years.

23          Finally, it would not be unfair to penalize Soffer for the discovery abuses.  It was Soffer

24  who failed to pay the fine, Soffer who refused to cooperate in the deposition, and Soffer, who

25  refused to produce his bank account information.  Soffer and his counsel are equally at fault for

26  completely failing to cooperate properly in discovery. Accordingly, the Court finds that Soffer's

27  discovery abuses are irreparable and this factor weighs in favor of striking the pleadings.

28          Thus, because at least four and likely five factors considered by the Ninth Circuit support

1   dismissal, the pleadings will be struck.

2                                        **RECOMMENDATION**

3          Based on the foregoing, and good cause appearing therefore,

4          IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that:

5          1.       the Amended Answer (#36) in case no. 2:10-cv-935-MMD-RJJ be stricken and

6                   default entered;

7          2.       the Counterclaim (#36) in case no 2:10-935-MMD-RJJ be dismissed with

8   prejudice; and,

9          3.       The Complaint (#1) in case no. 2:12-cv-57 be dismissed with prejudice.

10         DATED this __31st__ day of December, 2012.

11

12

13         _____
                                        
14         ROBERT J. JOHNSTON
           United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28