1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9    EZRIEL RAPAPORT, as Trustee of the
     RAPAPORT 2006 GRANTOR TRUST,                    Case No.: 2:10-cv-935-JAD-GWF

10                  Plaintiff,                        Consolidated with:
                                                     Case No.: 2:12-cv-00057-JAD-NJK
11   vs.

12   AVI SOFFER, an individual; DOES 1 through 5     **Order re: Defendant Soffer's Objection**
     inclusive,                                      **[#102] to Magistrate's Sanctions**
13                                                   **Orders [#93-96] and Report and**
                    Defendant.                       **Recommendation [#97], and Motion for**
14                                                   **Oral Argument [#125]**

15

16                                  **Introduction**

17           This case arises from Plaintiff Ezriel Rapaport's purchase from Defendant Avi Soffer of an

18   online luxury watch marketplace known as the Watch Dealer's Network ("WDN").  Doc. 94 at 2.

19   The Company was controlled by a board to which Rapaport appointed two members, and Soffer

20   appointed one.  *Id*. at 5.  Rapaport retained control of WDN for approximately six months until

21   significant disagreements over the direction of WDN arose between himself and Soffer, and Soffer

22   eventually "took 'emergency measures' as a board member of WDN in order to address what he

23   believed was Rapaport's inability to run the Company."  Doc. 94 at 2.  Rapaport responded by filing

24   this action; Soffer filed a separate (now-consolidated) action (case 2:12-cv-00057-JAD-NJK, "the

25   Consolidated Case") many months later.  *See* Doc. 70.

26           Discovery closed on August 31, 2012, but not without being fraught with violations that

27
28

Page 1 of  14

significantly hampered its progress.[1]  These disputes culminated in numerous motions for sanctions and protective orders, which Magistrate Judge Robert Johnson heard in December 2012.  Docs. 71, 73, 74, 77.  On December 31, 2012, the Magistrate Judge issued three orders on the sanctions and protective-order motions plus a separate Report and Recommendation ("R&R").  *See* Docs. 93-96.  Having found that Soffer: (1) failed to pay timely $1,500 in sanctions flowing from a previous sanctions order (Doc. 65); (2) failed to respond properly to interrogatories, (3) failed to respond properly to requests for production, and (4) refused to cooperate at his own deposition, Doc. 97 at 12-14, the Magistrate Judge imposed $29,395.18 in sanctions jointly and severally against Soffer and his attorney Efrem Rosenfeld and his law firm, Rosenfeld & Bauman, and recommended that this Court strike Soffer's amended answer, enter default against him, and dismiss both his counterclaim in this case and his complaint in the Consolidated Case with prejudice.  Doc. 96; 97 at 14.

    Soffer retained new counsel and filed timely limited objections to two of the sanction orders and to the R&R, arguing that "[a]ll discovery failures were wholly the result of counsel's inexcusable acts and omissions, [thus it would be] unjust to hold Soffer accountable for his attorney's malpractice whereas Soffer was not complicit in his attorney's failures."  Doc. 102 at 8.  Having considered these orders, the R&R, Soffer's objections, and Rapaport's responses, and after a comprehensive, de novo review pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), FRCP 72, and Local Rules IB 3-1 and 3-2, the Court sustains Soffer's objections to the orders and R&R in part and thus: (1) reduces Soffer's liability for the sanctions by $14,402.77; (2) declines to adopt the Magistrate Judge's recommendation that the Court impose the claim-ending sanctions of striking Soffer's answer and dismissing his claims; and (3) instead imposes some of the alternative sanctions requested in Rapaport's Fourth Motion for Sanctions (Doc. 77 at p. 21), all based upon the reasons set forth below.

---

[1] Plaintiff's Second Motion for Sanctions Re Discovery, Doc. 71; Plaintiff's Motion for Protective Order, Doc. 73, and Sanctions, Doc. 74; Defendant's Request for Order to Compel, Doc. 78; *and* in the consolidated case No. 2:12-cv-00057-MMD-RJJ, Soffer's Motion to Deem Admissions, Doc. 30.

1

**Discussion**

2

**A.      Standard of Review for Magistrate's Rulings**

3          When reviewing a magistrate judge's non-dispositive pretrial orders, district judges apply the

4    "clearly erroneous standard" to "the magistrate judge's factual findings," *Columbia Pictures, Inc. v.*

5    *Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citations omitted), and the contrary-to-law standard

6    to the magistrate judge's legal conclusions, which are reviewed de novo.  *Morgal v. Maricopa Cnty.*

7    *Bd. of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (citations omitted); 28 U.S.C. §

8    636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).  For the eight types of dispositive pretrial matters

9    identified in 28 U.S.C. § 636(b)(1)(A) for which magistrate judges may "conduct hearings" and

10   submit "proposed findings of fact and recommendations for the disposition," the district judges

11   provide de novo review.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also Maisonville v. F2*

12   *Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (concluding that "the magistrate's jurisdiction to order

13   sanctions, rather than recommend sanctions to the district court, is dependent upon whether Rule 11

14   sanctions are characterized as dispositive or non-dispositive of a claim or defense of a party.").  De

15   novo review is only required for the portions of the magistrate judge's findings and

16   recommendations to which a timely objection is made; the standard of review to be applied to the

17   unobjected-to portions of the report and recommendation is left to the discretion of the district judge.

18   28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en

19   banc)(a "district judge must review the magistrate judge's findings and recommendations de novo *if*

20   *objection is made*, but not otherwise.") (emphasis in original); *see also Thomas v. Arn*, 474 U.S. 140,

21   154 (1985) ("[W]hile the statute does not require the judge to review de novo if no objections are

22   filed, it [also] does not preclude further review by the district judge, *sua sponte* or at the request of a

23   party, under a de novo *or any other standard*.").[2]

24

_____

25          [2]The Committee Notes to Rule 72(b) suggest, however, that the clear-error standard applies.  Fed. R. Civ.
     P. 72(b), advisory committee notes (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th
26   Cir.1974), *cert. denied*, 419 U.S. 879, quoted in House Report No. 94-1609, 94th Cong.2d Sess. (1976) at 3, and
     stating, "When no timely objection [to a magistrate judge's R & R] is filed, the court need only satisfy itself that
27   there is no clear error on the face of the record in order to accept the recommendation.").

28

1    Soffer "submits his Limited Objection to the Order (#38) and the Report and
2    Recommendation (#97) . . . and the Order (#96) . . . each of which was entered on December 31,
3    2012." Doc. 102 at 1.  Therefore, this Court must determine which parts of Soffer's omnibus
4    objection applies to non-dispositive and dispositive matters, scrutinizing the Magistrate Judge's
5    findings of fact in the non-dispositive orders for clear error and the objected-to conclusions of law de
6    novo.

7    **B.    District Court Review of the Magistrate Judge's Orders**

8    A district court may only set aside a magistrate judge's order on a non-dispositive pre-trial
9    order if it finds the order to be "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A);
10   Fed. R. Civ. P. 72(a); LR IB 3-1(a).  "The reviewing court may not simply substitute its judgment for
11   that of the deciding court." *Ideal Elect. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 606 (D. Nev. 2005)
12   (citing *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991)). Thus, a district
13   judge must affirm the magistrate judge unless the district judge is left with the "'definite and firm
14   conviction that a mistake has been committed.'" *Ideal Elect.*, 230 F.R.D. at 606 (quoting *Burdick v.*
15   *Comm'r*, 979 F.2d 1369, 1370 (9th Cir.1992)).

16   Soffer objects to two of the Magistrate Judge's orders awarding discovery sanctions in favor
17   of Rapaport: (1) Order 38 (Doc. 38 in the Consolidated Case) denying Soffer's Motion to Deem
18   Admissions and granting Rapaport's request for sanctions; and (2) Order 96 (Doc. 96) separately
19   addressing the amount of discovery sanctions flowing not only from Order 38, but also from the
20   Orders granting discovery sanctions in Orders 94 and 95.  Order 96 concludes that Soffer and his
21   counsel are jointly and severally liable for attorney's fees of $27,441.25 and costs of $1,953.93, for a
22   total monetary sanction of $29,395.18 —representing "reasonable expenses, including attorney's
23   fees, for the increased cost of litigating this case during the discovery phase pursuant to" FRCP
24   30(d)(2) and 37(a)(5), and 28 U.S.C. § 1927.  Doc. 96 at 1-2.  A district court has discretion in
25   determining what amounts to reasonable attorney's fees and other expenses. *Hensley v. Eckerhart*,
26   461 U.S. 424, 437 (1983).  The court must provide a clear explanation of its reasons for the award,
27   including its consideration of the relationship between the amount of the fee awarded and the results

28

1   obtained.  *Id.*  "'The most useful starting point for determining the amount of a reasonable fee is the

2   number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"

3   *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (quoting *Pennsylvania v. Delaware*

4   *Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563, (1986)).

5          The Magistrate Judge's calculation of reasonable expenses began with Rapaport's attorney

6   Lovato's assertion Rapaport incurred attorney's fees totaling $34,225.00 from January 31, 2012,

7   through December 17, 2012.  *See* Order 96 and Doc. 87 at 7.  The Magistrate Judge then made two

8   deductions from that amount: (1) $1,500 that Soffer paid Rapaport under an earlier discovery

9   sanction order, and (2) an across-the-board 15% discount, to arrive at the $29,395.18 total.  Doc. 96.

10  The Court considers the amount of this award and its underlying bases in light of Soffer's objection

11  that he is being unfairly punished for his counsel's misconduct.

12          ***1.      Monetary Sanctions Flowing from Order 38***

13          In Order 38, the Magistrate Judge found that Rapaport was entitled to monetary discovery

14  sanctions under FRCP 37(a)(5)(B) and 28 U.S.C. § 1927 for having to respond to Soffer's

15  September 17, 2012, Motion to Deem Admissions.  Doc. 30.  The motion concerned requests for

16  admission that Soffer served on Rapaport last July.  Doc. 38 at 1.  Although Rapaport timely

17  responded with objections, Soffer filed a Motion to Deem Admissions asserting that Rapaport failed

18  to respond to the requests.  Doc. 31.  Rapaport responded with a motion for sanctions against Soffer

19  for forcing him to respond to the frivolous motion.  Doc. 31 at 2-3.  Magistrate Judge Johnston

20  denied the Motion to Deem and granted Rapaport's request for sanctions for the misrepresentations

21  to the Court and needless motion.  Soffer objects to Order 38 and the resulting portions of Order 96

22  to the extent the sanctions are awarded against him personally and not just against his attorney.

23          ***a.      Sanctions Against Soffer Personally for the Motion to Deem***

24          The Magistrate Judge found that Soffer's counsel failed to meet and confer with Rapaport's

25  counsel before filing the motion in violation of Local Rule 26-7(b) and that Rapaport asserted proper

26  objections to the requests, rendering the motion frivolous.  Doc. 38.  He then considered the

27

28

appropriate sanctions for Soffer's needless motion.  Rule 37(a)(5)(B)[3] allows an award of expenses to the non-moving party when a frivolous motion is denied and expressly allows those expenses to be taxed against both the party and attorney.  The Magistrate Judge also relied on 28 U.S.C. § 1927, which authorizes a court to order "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C.A. § 1927.  The Magistrate Judge found that Rapaport "did respond to all of the Requests for Admissions with objections and denials . . . [and those] responses were timely" but Soffer's counsel "nevertheless represented to the [c]ourt in writing and orally that responses had not been served."  Doc. 38 at 3.  Thus, the Magistrate Judge concluded on these bases that Soffer's counsel had made material misrepresentations to the court in bad faith within the meaning of § 1927.

The Court finds that the Magistrate Judge committed no clear error in applying Rule 37 and § 1927 to conclude that sanctions against Soffer's counsel were appropriate in light of his violations of the discovery rules, but the same cannot be said for the sanctions against Soffer.  The Magistrate Judge made no finding respecting Soffer's personal behavior that could lead this Court to conclude that he should be monetarily sanctioned for his attorney's request-for-admissions-related conduct. Without that basis and in light of Soffer's sworn statements that he was unaware of this conduct and filed a grievance against Rosenfeld, the Magistrate Judge lacked a basis for punishing Soffer for this misconduct of his counsel, and thus the Court concludes that the monetary sanctions against Soffer flowing from Order 38 should be reversed and set aside.

### b.    *The Amount of Sanctions Attributable to the Motion to Deem*

As the sanctions against Soffer personally for the motion-to-deem misconduct are not warranted, the Court turns to the calculation of the reduction in the sanction award against Soffer. Lovato attests that he spent 7.9 hours opposing that motion.  *See* Doc. 87 at 6:7.5, 12, 13.5, 14.5, 21, 22.5, 29.  But billing records reflect another series of generic hours from September 17, 2012,

---

[3]The Magistrate's citation to Rule 37(a)(5)(A) appears to be a harmless scrivener's error.

1   through December 17, 2012, totaling 37.8 hours that Lovato spent on "pending motions" and the

2   hearings related to the "various motions for sanctions." *Id*. at 6:7, 8, 11, 20, 24, 27-28; and 7:3-15.

3   Because there were three motions to which this generic expenditure of time could be fairly

4   apportioned, the Court finds that only 12.47 hours (33% of those 37.8 hours) in this generic category

5   can be attributed to the motion to deem, for a total of 20.37 hours.

6       The Magistrate Judge concluded on the basis of Soffer's counsel's own acknowledgment and

7   Lovato's representations to the court that Lovato's $250/hr rate was reasonable, and this court finds

8   no reason to disagree.  Doc. 96 at 1.  Thus, the reasonable attorney's fees awarded Rapaport for

9   opposing the motion to deem are 20.37 hrs x $250—a total of $5,092.50.  As these fees should be

10  assessed only against Soffer's counsel, the amount of the sanctions award against Soffer in Order 96

11  shall be reduced by $5,092.50.

12          *2.    Monetary Sanctions Flowing from Order 94*

13      In Order 94, the Magistrate Judge found monetary discovery sanctions were appropriate

14  under Rules 30(d)(2) and 37(a)(5)(A) for Soffer's misconduct at his own deposition.  Doc. 94.

15  Soffer does not challenge the Magistrate Judge's findings and conclusions with respect to his

16  deposition misconduct (contained in Order 94), and it appears that the Magistrate Judge's findings

17  and assessment of sanctions for this conduct jointly and severally against Soffer and his counsel is

18  reasonable.  Indeed, the record reflects that it was Soffer's personal conduct that needlessly escalated

19  these fees, necessitating that he submit himself for deposition again.  Accordingly, no reduction shall

20  be made for the sanctions in this regard.

21          *3.    Monetary Sanctions Flowing from Order 95*

22      In Order 95, the Magistrate Judge granted Rapaport's Motion for Protective Order regarding

23  Soffer's 843 discovery requests and found monetary sanctions warranted under Rule 37(a)(5)(A)

24  because the sheer volume of these requests was abusive and was only "designed to harass and burden

25  the Plaintiff" and because Defendant made the "intentional" and "blatant misrepresentation" to the

26  Court that Rapaport's counsel did not respond to these requests when, in fact, he had.  Doc. 95 at 4-5

27  & 6-7.  Soffer does not challenge the Magistrate Judge's findings and conclusions with respect to

28

1   this discovery abuse (contained in Order 95).  However, he does generally challenge the award of

2   fees and costs in Order 97, which includes fees and costs for this misconduct, assessed jointly and

3   severally against both Soffer and his counsel.

4               ***a.        Sanctions Against Soffer Personally for the Abusive Discovery Requests***

5               Like the motion-to-deem sanctions, the award of sanctions against Soffer personally for these

6   excessive discovery requests lacks a reasonable basis in fact or law.  The Magistrate Judge made no

7   finding respecting Soffer's personal behavior that could lead this Court to conclude that he should be

8   monetarily sanctioned for Rapaport's conduct in this regard.  Without that basis and in light of

9   Soffer's sworn statements that he was unaware of this conduct and filed a grievance against

10  Rosenfeld, the Court concludes that the monetary sanctions against Soffer for the conduct identified

11  in Order 95 should be reversed and set aside.

12

13              ***b.        The Amount of Sanctions Attributable to the Abusive and Harassing
                              Discovery Requests***

14              As the sanctions against Soffer personally for the service of an abusive and harassing number

15  of discovery requests are not warranted, the Court turns to the calculation of the reduction in the

16  sanction award against Soffer.  According to Lovato's Declaration, the first entry relating to

17  Rapaport's work related to the Motion for Protective Order occurred on August 29, 2012.  Doc. 87 at

18  5:22.5.  There are a total of nine entries relating to fees reasonably attributable to Lovato's work on

19  the Motion for Protective Order.  *See id*. at 5:22.5-23.5, 27, 28; 6:12-12.5, 22, and 25-26.5.  The total

20  amount of hours Lovato specifically spent on the Motion for Protective Order is 22.9.  Some of the

21  time Lovato spent time working on the "pending motions," and the hearing dates related to the

22  "various motions for sanctions" is also attributable to the Order 95 issues.  *See id*. at 6:2, 4, 7, 8, 11,

23  20, 25, 27-28; and 7:3-15.  Subtracting that time leaves 13.62 hours to be allocated to Rapaport's

24  First Motion for Protective Order, a total reasonable expenditure of time on that motion is 36.52

25  hours, which, at $250/hr totals $9,130.00.  As these fees should be assessed only against Soffer's

26  counsel, the amount of the sanctions award against Soffer in Order 96 shall be reduced by an

27  additional $9,130.00.

28

1      ***4.      Cost Award Against Soffer and Total Reduction in Soffer's Sanctions Liability***

2            The Magistrate Judge awarded "claimed costs" against Soffer and his counsel jointly and

3      severally $1,953.93, based on Lovato's itemized declaration of costs.  Doc. 96 at 2.  Of the items for

4      which costs were incurred, five are specifically related to sanctionable conduct this Court finds that

5      Soffer is liable for, for a total of $1,683.53.  *See* Doc. 87 at 8:10.5,13-14, and 18.5.  The remaining

6      amount is only generically referenced, and therefore, the Court attributes 33% of it to Soffer for an

7      additional $90.13.  Thus, Soffer is jointly and severally liable for costs of $1,773.66, and his liability

8      for the cost award in Order 96 shall be reduced by $180.27.

9            This brings the total reduction in Soffer's monetary-sanctions liability in Order 96 down by

10     $14,402.77, leaving him jointly and severally liable for a total fees-and-costs award of $14,992.41.

11     **C.     District Court Review of the Magistrate Judge's Report & Recommendations**

12           The R&R aggregates all of this discovery-related misconduct in response to Rapaport's

13     Fourth Motion for Sanctions and recommends that this Court exact a more case-dispositive sanction

14     against Soffer: strike his answer and dismiss his claims.  Soffer objects that it would be unjust to

15     hold him  personally accountable for his attorney's misconduct by exacting these severe, case-ending

16     punishments.  Doc. 102 at 4, ¶ 14.  He further denies knowledge of Rosenfeld's misconduct and

17     paints himself as a victim of it .  *Id.*  It is clear from the tenor of the Magistrate Judge's discussion

18     and the severity of the recommendation that the conduct by Soffer and his counsel had escalated to

19     an unmanageable and highly frustrating level.  However, the Court does not find a sufficiently

20     egregious factual basis in the record to adopt the Magistrate Judge's recommendation and impose

21     these case-ending sanctions.

22            "Courts have inherent equitable powers to dismiss actions or enter default judgments for

23     failure to prosecute, contempt of court, or abusive litigation practices."  *TeleVideo Sys., Inc. v.*

24     *Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (citations omitted).  Case-concluding sanctions like

25     dismissal or striking an answer are only justified for "willfulness, fault or bad faith."  *Anheuser-*

26     *Busch, Inc. v. Natural Beverage Distrbs.*, 69 F.3d 337, 348 (9th Cir. 1995) (internal quotations and

27     citations omitted).  Although parties choose their attorneys as their representatives and should not

28

1  freely be permitted to disavow the actions taken on their behalf, *see Link v. Wabash R.R.*, 370 U.S.

2  626, 633-34 (1962); *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir. 1989), when

3  considering case-ending sanctions for litigation conduct, a party's "personal responsibility for

4  malfeasance is relevant." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366-67 (9th Cir. 1996).

5  "When an attorney is grossly negligent . . ., the judicial system loses credibility as well as the

6  appearance of fairness if the result is that an innocent party is forced to suffer drastic consequences."

7  *Community Dental Services v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002).

8      For the drastic sanction of dismissal to be proper, the malfeasance must be due to

9  "willfulness, fault or bad faith." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337,

10  348 (9th Cir.1995) (internal quotations and citations omitted).   In determining whether to impose the

11  sanction of dismissal, a court weighs five factors: (1) the public's interest in expeditious resolution

12  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party moving

13  for dismissal; (4) the public policy favoring disposition of cases on their merits; and (5) the

14  availability of less drastic sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

15  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts

16  against a dismissal sanction." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).  "[T]he key

17  factors are prejudice and availability of lesser sanctions." *Id.*

18      On de novo review, the Court finds that Soffer was certainly not blameless in the discovery

19  misconduct that has suffused this case.   However, the claim-ending sanctions recommended by the

20  Magistrate Judge are drastic and, under the totality of the circumstances, they do not appear a

21  punishment befitting Soffer's personal culpability for the discovery abuses in this case.

22      ***1.    Public Interest and Court's Docket Management***

23      The first two dismissal factors are the public interest in expeditious resolution of litigation

24  and the trial court's interest in controlling its own docket.   These two factors support the Magistrate

25  Judge's decision to exact claim-ending sanctions.  The Magistrate Judge notes that this case began

26  approximately two years ago and he opines that Soffer—whether through his own actions or those of

27  his chosen attorney—has almost completely failed to participate in discovery.  Doc. 97 at 12.  The

28

Magistrate Judge emphasized Soffer's: (1) failure to timely pay a $1,500 court-ordered sanction, (2) serving of unduly burdensome discovery requests, (3) obstreperous misconduct in his own deposition, and (4) failing to respond properly to Rapaport's discovery requests.  Doc. 97 at 13:22-27.

With respect to the first two issues, and much of the fourth issue, the Court finds that Soffer's counsel, rather than Soffer, was the likely cause of the failings.  On June 11, 2012, the Magistrate Judge ordered the $1,500 sanction as a result of Soffer's failure to cooperate in responding to written discovery and because Soffer failed to cooperate in scheduling deposition dates.  Doc. 65.  However, Rapaport did not receive the $1,500 until sometime after September 14, 2012.  Doc. 97 at 3.  Soffer maintains that his counsel did not tell him about the sanction until October 2012.  Doc. 102 at 3.  And nothing in the record suggests that Soffer was complicit with Rosenfeld in drafting and serving unduly burdensome discovery requests on the last day of discovery.

Soffer certainly deserves full blame for the obstreperous conduct at his deposition, however.  Even after obtaining new counsel, Soffer failed to object to the Magistrate Judge's finding that Soffer had engaged in sanctionable conduct during his deposition and thus cannot lay this responsibility on former counsel.  And Soffer cannot escape personal culpability for his failure to produce bank records and damages computations.  Doc. 97 at 5-10.  Soffer protests that he was being completely truthful and informative during depositions and was attempting to obtain the requested information from his bank.  A de novo review of the deposition transcript, however, belies that claim.  *See generally* Doc. 94 at 4-9.  All of these facts support the Magistrate's conclusion that, absent these severe sanctions, Rapaport "would continue to incur duplicative costs and fees associated with discovery, [and] spend drastically more time in this litigation," Doc. 97 at 13, all of which would only further delay the conclusion of this litigation and hamper this Court's ability to control its own docket.  The first and second *Malone* factors weigh in favor of dismissal.

### 2.    *Prejudice*

The Court must next consider whether the nonmoving party's actions have impaired the moving party's ability to go to trial or threaten to interfere with the rightful decision of the case.

1   *Malone*, 833 F.2d at 131.   *See e.g. North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d

2   1447, 1451 (9th Cir.1986) (endorsing district court's finding that "willful violation of the discovery

3   order had, given the imminence of the trial date, prejudiced [defendant's] ability to prepare for

4   trial"); *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir.1984) (prejudice includes "irremediable

5   burdens or costs imposed on the opposing party"); and *Chism v. Nat'l Heritage Life Ins. Co.*, 637

6   F.2d 1328, 1330 (9th Cir. 1981) *overruled on other grounds by Bryant v. Ford Motor Co.*, 832 F.2d

7   1080 (9th Cir. 1987).   Although discovery has closed, that circumstance is not irremediable.   The

8   Court and the Magistrate Judge can craft orders to ensure that Rapaport is afforded a reasonable

9   opportunity to obtain any outstanding discovery.   And although this case is 3 ½ years old, it was

10   stayed for nearly six months of that time due to Soffer's bankruptcy filing.   Doc. 103.   Thus, the

11   Court does not find that Rapaport has been so prejudiced by Soffer's and his counsel's conduct that

12   dismissal of his claims and entry of default is the only just result.   This factor, therefore, does not

13   weigh in favor of dismissal.

14               **3.        *The Public Policy Favoring Disposition of Cases on their Merits***

15            The fourth factor—that public policy favors decisions on the merits—usually weighs against

16   dismissal and it does here, too.   *See Wanderer*, 910 F.2d at 656.   Although the Magistrate Judge was

17   of the opinion that the behavior of Soffer and his attorney foretold an inability to hear this case on its

18   merits, as Soffer has replaced his counsel and promises he will participate in this litigation in good

19   faith with the guidance of his new attorney, this Court is willing to give him one final chance to

20   prove he can play by the rules.   This factor weighs against dismissal.

21               **4.        *The Availability of Less Drastic Sanctions***

22            The fifth *Malone* factor requires the Court to consider alternate, less severe sanctions before

23   ordering dismissal.   The district court must have: "(1) explicitly discussed the feasibility of less

24   drastic sanctions and explained why alternative sanctions would be inappropriate, (2) implemented

25   alternative sanctions before ordering dismissal, and (3) warned the party of the possibility of

26   dismissal before actually ordering it."   *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994)

27   (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).   It does not appear that

28                                    Page 12 of  14

the Magistrate Judge warned Soffer of the possibility of being thrown out of court before issuing the R&R.  The Court is mindful of the fact that it was Soffer who refused to cooperate in his own deposition or produce his bank account information, even after the Magistrate Judge granted a motion to compel that discovery.  However, the record suggests that much of the other misconduct is attributable to counsel exclusively and Soffer has taken steps to prevent future infractions —including filing a grievance with the Bar and hiring new counsel.  *See* Doc. 102 at 4.  Because the Court gives Soffer the benefit of the doubt that the a great deal of the misconduct in this case was the fault of his now-replaced lawyer, the monetary sanctions flowing from this Order and the fact that Soffer has replaced his counsel should allow this case to move forward.  The Court, therefore, declines to adopt the Magistrate Judge's recommendation that Soffer's answer be stricken and his claims dismissed.

Make no mistake, by declining to accept the Magistrate Judge's case-concluding sanctions, this Court is in no way condoning Soffer's actions or those of his former attorney.  This Court does not take this conduct lightly and strongly cautions Soffer and his new counsel that **any** future misconduct— including but in no way limited to—delays, obstreperous behavior, inadequate discovery responses, the filing of frivolous motions, and certainly any violation of the instant order will not be tolerated and **will result in this Court swiftly adopting and implementing the case-concluding sanctions** recommended by Magistrate Judge Johnson in the R&R because such new or repeat behavior will demonstrate that it was Soffer, not merely his counsel, who was personally responsible for these unsavory tactics and that less drastic sanctions are insufficient.

## Order

Accordingly, and for all the reasons set forth above and good cause appearing:

IT IS HEREBY ORDERED that Soffer's Motion for Oral Argument **[#125] is DENIED**;

IT IS FURTHER ORDERED THAT Soffer's Objections to the Magistrate's Orders and Report and Recommendation [#102] are sustained in part as follows:

a.    Soffer's objection to the portion of the orders awarding fees and costs against Soffer, Rosenfeld, and the law firm of Rosenfeld & Bauman "jointly and severally" is

1    sustained in part; the award of sanctions and costs in Order 96 is reduced as against

2    Soffer only by $14,402.77.  Soffer is jointly and severally liable in the amount of

3    $14,992.41;

4    b.    Rosenfeld and the law firm of Rosenfeld and Bauman remain jointly and severally

5          liable for the entire $29,395.18 in sanctions;

6    c.    These sanctions are due and payable to Rapaport and/or his counsel within 30 days of

7          this order.

8    IT IS FURTHER ORDERED that the Court declines to adopt the Report and

9    Recommendation [#97] to strike Soffer's answer and dismiss his claims; instead, IT IS HEREBY

10   ORDERED that Soffer serve any and all outstanding discovery responses, specifically including but

11   not limited to those identified in the R&R, within 45 days of this order; and

12   IT IS FURTHER ORDERED that Soffer submit to deposition in Las Vegas, Nevada, within

13   60 days of this order at the time and location designated by Rapaport's counsel.[4]

14   IT IS FURTHER ORDERED that Rapaport shall serve Rosenfeld and the law firm of

15   Rosenfeld and Bauman with a copy of this order no later than 5 days after its entry.

16   Finally, **Soffer is strongly cautioned that any material failure to comply with this Order**

17   **will result in the striking of his answer, the dismissal of his claims in this and the Consolidated**

18   **Case, and the potential entry of a default judgment against him.**

19   Dated this 9th day of December, 2013.

20   _____

21   Jennifer A. Dorsey
     United States District Court Judge

22

23

24

25

26   [4]  Because Soffer has already been ordered to reimburse Rapaport for the attorney's fees and
     costs for the prior deposition, the Court will not award additional fees for the re-noticed deposition
27   unless the misconduct reoccurs.

28                                    Page 14 of  14