UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EZRIEL RAPOPORT, as Trustee of the RAPAPORT 2006 GRANTOR TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>AVI SOFFER, an individual; DOES 1 through 5 inclusive,<br><br>Defendant. | Case No.: 2:10-cv-935-JAD-GWF<br><br>Consolidated with:<br>Case No.: 2:12-cv-00057-JAD-NJK<br><br>**Order Granting Motion for Clarification of Sanctions Order [#131]** |

On December 9, 2013, this Court entered an order *inter alia* assessing discovery sanctions against Defendant Ari Soffer in the amount of $14,992.41 and against Efrem Rosenfeld and his law firm Rosenfeld and Bauman in the amount of $29,395.18.  Doc. 129 at 13-14.  The Order directed Soffer, Rosenfeld, and the firm to pay the full amount of the sanctions by January 9, 2014.  *Id*. at 14.

On January 3, 2014, Soffer filed the instant motion seeking clarification of that order in light of the automatic bankruptcy stay and limited lift-stay order in this case. Doc. 131.  Soffer had filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida in January 2013.  *See* BK 12-11128-RBR [hereinafter "BK Doc."].  On May 21, 2013, the bankruptcy court granted Rapoport's motion to lift the automatic stay for the limited purpose of bringing the instant matter to final judgment.  Bk Doc. 44 at 2.  The bankruptcy court further ordered that

"any enforcement of any liquidated monetary judgment against Soffer must be brought through [that] court." *Id*. On January 6, 2014, the bankruptcy court confirmed Soffer's Chapter 13 Plan of Reorganization, BK Doc. 83, but has not entered an order of discharge.

By the instant motion, Soffer seeks clarification that the automatic stay also stays his payment of the sanctions this Court ordered. Doc. 131 at 3. The Court grants the motion, assures the parties that it has no intention of violating the automatic stay, and clarifies that Soffer's obligation to pay this monetary sanction is stayed pending the outcome of the bankruptcy case or further order of the bankruptcy court. As it appears that Efrem Rosenfeld also filed for bankruptcy protection and may be the beneficiary of his own automatic stay, *see* Doc. 106, his individual obligation to pay is also stayed. However, the obligation of his law firm, Rosenfeld and Bauman, to pay the sanctions within 30 days of the order is not stayed.[1]

**Discussion**

11 U.S.C. § 362(a)(1) provides that the filing of a voluntary bankruptcy petition operates as a stay of the commencement or continuation of judicial action against the debtor that was or could have been commenced before the commencement of the bankruptcy. 11 U.S.C. § 362(c)(2)(A)-(C) provides that the automatic stay under section 362(a) continues until the earliest of the time the case is closed, dismissed or discharge is granted. Once the case is closed or dismissed, there is no reason to continue the protection of the stay. *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481 (9th Cir. 1989) ("The bankruptcy court does not have jurisdiction, however, to grant new relief

---

[1] The record reflects that a law firm named "The Buffalo Jim and Rosenfeld Law Firm Chartered" filed for Bankruptcy under Chapter 11, Case No. 12-23510-BTB. Doc. 106. Whether that is the same entity as Rosenfeld and Bauman is unclear to the Court. Regardless, the Buffalo Jim bankruptcy was dismissed without receiving the benefit of the discharge. BK Doc. 66.

independent of its prior rulings once the underlying action has been dismissed."). Once the debtor receives a discharge, the stay is replaced by a permanent injunction under 11 U.S.C. § 524(a), subject to certain exceptions inapplicable here. The injunction prohibits acts or legal proceedings to collect a discharged debt as a personal liability of the debtor. *See* 11 U.S.C. § 524(a)(1) ("A discharge under this title [] voids any judgement at any time obtained, to the extent such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under ... [section] 1328....").

In its order imposing the monetary sanctions against Soffer, this Court did not intend to expand the limited nature of the bankruptcy court's order granting relief from the automatic stay. However, the Court now recognizes that the aspect of its order requiring Soffer to pay the sanctions within 30 days of the order may be interpreted to contravene the bankruptcy court's lift-stay order requiring that enforcement of any liquidated monetary judgment be achieved through that court, and the order as to Rosenfeld may be interpreted to violate the automatic stay arising from Rosenfeld's own bankruptcy. For that reason, this Court grants Soffer's motion (#131) and modifies its previous order (#129) to stay Soffer's and Rosenfeld's payment obligations pending the outcome of the bankruptcy case or further order of the bankruptcy court.

## Order

Based on the foregoing and with good cause appearing, **IT IS ORDERED** that Soffer's Motion for Clarification of Order **(#131)** is **GRANTED.** The portion of the Court's Order re: Defendant Soffer's Objection to Magistrate's Sanctions Orders and Report and Recommendation (#129) that obligates Soffer to pay $14,992.41 in sanctions by January 9, 2014, and Rosenfeld (personally) to pay $29,395.18 in sanctions by January

. . .

. . .

9, 2014, is stayed pending the outcome of the bankruptcy cases or further order of the bankruptcy courts.

Dated this 18th day of February, 2014.

_____
Jennifer A. Dorsey
United States District Court Judge